JOHNSON et al., Appellees,

v.

WENDY'S INTERNATIONAL, INC., Appellant.

[Cite as *Johnson v. Wendy's Internatl., Inc.* (1993), 90 Ohio App.3d 100.]

Court of Appeals of Ohio,
Stark County.

No. CA–9098.

Decided Aug. 30, 1993.

*T. Keith Randall* and *Susan B. Peters,* for appellees.

*Orville L. Reed III,* for appellant.

Gwin, Presiding Judge.

Defendant-appellant, Wendy's International, Inc. ("Wendy's"), appeals from the judgment entered upon a jury's verdict awarding $58,650 to plaintiff-appellee Shirley M. Johnson ("appellee") on appellee's claim that she fell at a Wendy's restaurant and sustained permanent injuries as a result of Wendy's negligence. Wendy's assigns as error:

Assignment of Error No. 1

"The trial court erred to the prejudice of the appellant by failing to direct a verdict in favor of the appellant because appellee Johnson failed to offer evidence of proximate cause."

Assignment of Error No. 2

"The trial court erred to the prejudice of the appellant by failing to grant appellant's motion for judgment notwithstanding the verdict because appellee Johnson failed to offer evidence of proximate cause."

Assignment of Error No. 3

"The trial court erred to the prejudice of the appellant by failing to direct a verdict in favor of the appellant because appellee Johnson failed to offer evidence of negligence."

Assignment of Error No. 4

"The trial court erred to the prejudice of the appellant by failing to grant appellant's motion for judgment notwithstanding the verdict because appellee Johnson failed to offer evidence of negligence."

Assignment of Error No. 5

"The trial court erred to the prejudice of the appellant by admitting the [sic] over objection, duly and timely made, testimony of plaintiff's expert witness."

Assignment of Error No. 6

"The jury's verdict and the judgment of the lower court is [sic] against the manifest weight of the evidence."

### Assignment of Error No. 5

■ We shall first address Wendy's fifth assignment of error maintaining that the trial court erred in admitting the testimony of appellees' expert witness, Michael J. Frenzel, a safety consultant. Wendy's specifically argues that Frenzel's testimony was "totally speculative," "not even remotely relevant," and was designed to "vilify the design and construction of the Wendy's building in a

concerted effort to unfairly prejudice the jury." We disagree with each of these assertions.

Upon laying the proper foundation, counsel for appellees inquired of Frenzel whether he had an opinion as to whether the ingress/egress location where appellee fell was unsafe or otherwise dangerous in its design, use or arrangement. Frenzel responded affirmatively and opined that the layout of that particular Wendy's restaurant is dangerous because "it invites a misstep based on the area, on the layout as I saw it, and measured it and observed other people, entering and exiting and also where [appellee] came to rest on the far side of the driveway. I believe that in all probability she missed the step and that downward step gave her the momentum to carry on to the side."

This opinion is not "totally speculative." Instead, the opinion is based upon Frenzel's observation of the curb where appellee fell and based upon his experience as a safety consultant. Likewise, this opinion testimony is relevant to the issue of whether a dangerous condition existed at the time and place of appellee's fall.

We find Wendy's claim that Frenzel's intent was to vilify the design and construction of the Wendy's building is without merit. Rather, Frenzel's testimony was offered to prove that a dangerous condition existed at the Wendy's restaurant at the time and place appellee fell and was injured.

Accordingly, we overrule Wendy's fifth assigned error.

### Assignments of Error Nos. 1 & 2

Through its first and second assigned errors, Wendy's maintains that appellees failed to offer evidence that appellee's fall and subsequent injury were proximately caused by the unsafe or dangerous condition existing at the exit of the restaurant. Wendy's specifically directs our attention to appellee's failure to explain why or how she fell. Instead, appellee testified at trial that as she was holding the door of the restaurant for her sister to exit the restaurant, she remembered "falling backwards and the feeling of surprise." No eyewitnesses were available at trial to explain the exact cause of appellee's fall. Thus, Wendy's position is that appellees offered nothing more than mere conjecture as to the cause of appellee's fall and cites us to the following authority:

"It is firmly settled by the authorities that negligence is a fact necessary to be shown; it will not be presumed. Thus, where liability depends upon the carelessness or fault of a person or his employees, the right of recovery must be. based on competent evidence. *It is incumbent on the plaintiff to show how and why an injury occurred—to develop facts from which it can be determined by the jury that the defendant failed to exercise due care and that such failure was a proximate cause of the injury. A verdict for plaintiff based on conjecture, guess,*

*random judgment or supposition cannot be sustained.* * * * "  (Emphasis added.)  *Boles v. Montgomery Ward & Co.* (1950), 153 Ohio St. 381, 388–389, 41 O.O. 403, 406, 92 N.E.2d 9, 13.

We begin with the observation that a person who sustains an injury from a fall is not necessarily precluded from asserting a successful negligence claim simply because she cannot remember the exact cause of her fall. This case illustrates how a permissible inference may be drawn from the injured plaintiff's limited factual testimony surrounding the fall and the observations and conclusions drawn by an expert witness. See *Harper v. Castle Apts., Inc.* (Nov. 25, 1987), Summit App. No. 13115, unreported, 1987 WL 25769.

Appellee's sister, Sara Wilkes, testified that immediately prior to the fall, appellee was standing outside the restaurant and facing the inside as she held the door open for Sara. Appellee testified that while she was holding the door, she fell backwards and landed in the driveway of Wendy's parking lot. Appellee denied that her shoes, a slippery object or illness caused her fall. Instead, appellee simply stated that she fell backwards. This testimony, combined with the preceding excerpts of Frenzel's opinion testimony, leads us to the conclusion that sufficient evidence was before the jury to permit it to draw the permissible inference that appellee's fall and subsequent injury were proximately caused by the dangerous condition that existed at the exit of the Wendy's restaurant.

This is not a case where a plaintiff simply testifies that she fell and that a dangerous condition existed in close proximity to the fall. Rather, this is a case where the plaintiff fell at the exact spot where a dangerous condition existed. We believe the jury's finding of proximate cause was not based upon mere conjecture, guess, random judgment or supposition, but was, instead, based upon a reasonable inference from the underlying facts. Appellees did not have the burden of proving beyond a reasonable doubt the cause of appellee's fall, but only needed to offer sufficient evidence to demonstrate that it was more probable than not that appellee's fall was caused by the dangerous condition that existed at the restaurant. We believe that it was better left to the trier of fact to determine from the evidence of this case what was more probable in causing appellee's fall.

Accordingly, we overrule Wendy's first and second assignments of error.

### Assignments of Error Nos. 3 & 4

Through its third and fourth assignments of error, Wendy's maintains that appellees failed to offer evidence of Wendy's negligence.

In order to establish negligence, a plaintiff must prove by a preponderance of the evidence that (1) the defendant had a duty of care to plaintiff, (2) the defendant breached that duty, and (3) the breach of that duty proximately resulted in the plaintiff sustaining injury.

Here, appellees presented evidence that Wendy's had a duty to create a safe ingress and egress to its restaurant. Appellees further offered evidence that Wendy's breached that duty by permitting a dangerous area at the door of the Wendy's restaurant and that the dangerous condition caused appellee to fall and sustain injury.

Accordingly, we overrule Wendy's third and fourth assigned errors.

### Assignment of Error No. 6

Through its sixth and final assignment of error, Wendy's maintains that the jury's verdict was against the manifest weight of the evidence.

■ It is well established that judgments supported by some competent, credible evidence going to all the essential elements of a case will not be reversed by an appellate court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

For the reasons previously stated, we find some competent, credible evidence supporting the trial court's decision, and we hereby overrule this assignment of error.

For the foregoing reasons, the judgment entered in the Stark County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

WILLIAM B. HOFFMAN and FARMER, JJ., concur.