**BENNETT, Appellant,**

v.

**KROGER COMPANY, Appellee.**

[Cite as *Bennett v. Kroger Co.* (1996), 109 Ohio App.3d 727.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950387.

Decided March 13, 1996.

*Charles S. Kamine* and *Daniel E. Whiteley, Jr.*, for appellant.

*Lindhorst & Dreidame, Jay R. Langenbahn* and *Peter J. Stautberg*, for appellee.

HILDEBRANDT, Judge.

Patricia Bennett filed a complaint against the Kroger Company for personal injuries allegedly resulting from Kroger's negligence. The trial court granted Kroger's motion for summary judgment and Bennett filed this appeal. For the reasons expressed herein, we affirm the judgment of the trial court.

The record indicates that at 12:30 a.m. on April 17, 1992, Bennett went to the Kroger store at 954 East McMillan Avenue in Cincinnati to purchase toilet paper. The store had closed at midnight. However, cars were parked in the lot outside the store and lights were on inside the store. As Bennett approached the front door, she was attacked by several unknown assailants.

In her complaint, Bennett alleged that Kroger was negligent in "failing to provide competent and adequate security personnel to monitor and safeguard its parking lot." Bennett further alleged that the assault upon her was foreseeable and that she suffered personal injuries as a proximate cause of Kroger's negligence.

To establish an action in negligence, a plaintiff must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 15 OBR 179, 472 N.E.2d 707. The legal status of a person injured on real property determines the scope and extent of the landowner's duty to the injured person. *Kirschnick v.*

*Estate of Jilovec* (Aug. 31, 1995), Cuyahoga App. No. 68037, unreported, 1995 WL 517075.

■ Ohio recognizes three classifications of persons present on another's land: invitees, licensees and trespassers. *McCool v. Hillbrook Apts.* (Aug. 23, 1995), Mahoning App. No. 93 C.A. 200, unreported, 1995 WL 510027. The Supreme Court of Ohio has stated that "[b]usiness invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner," while a licensee is "a person who enters the premises of another by permission or acquiescence, for his *own* pleasure or benefit, and not by invitation." (Emphasis *sic.*) *Provencher v. Ohio Dept. of Transp.* (1990), 49 Ohio St.3d 265, 266, 551 N.E.2d 1257, 1258; *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 68, 28 OBR 165, 167, 502 N.E.2d 611, 613.

■ We hold that Bennett was not a business invitee of Kroger at the time she was attacked in the parking lot. The Kroger store had been closed for approximately half an hour prior to her arrival on the premises. Therefore, there was no invitation by Kroger, either express or implied, to Bennett to enter the premises at that time. Bennett's use of Kroger's premises at a time beyond that to which an invitation extended rendered her a licensee rather than a business invitee. See *Wiley v. Natl. Garages, Inc.* (1984), 22 Ohio App.3d 57, 22 OBR 153, 488 N.E.2d 915.

■ Under Ohio law, a licensor owes a licensee no duty except to refrain from wantonly or willfully causing injury. A licensee takes the premises subject to the attendant perils and risks. *Provencher v. Ohio Dept. of Transp., supra.* There is nothing in the record to indicate that Kroger acted wantonly or willfully in causing Bennett's injuries.

The granting of summary judgment is appropriate if there is no genuine issue as to any material fact, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267; Civ.R. 56(C). Because there were no genuine issues of material fact presented by the evidence submitted to the trial court, the trial court properly granted Kroger's motion for summary judgment. Therefore, Bennett's assignment of error, that the trial court erred in granting Kroger's motion for summary judgment, is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., concurs.

PAINTER, J., dissents.

PAINTER, Judge, dissenting.

This case demonstrates one of the difficulties in applying the categories of licensee and invitee as defined in *Provencher v. Ohio Dept. of Transp.* (1990), 49 Ohio St.3d 265, 551 N.E.2d 1257. As the majority correctly states, the Supreme Court of Ohio has stated that "[b]usiness invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner," while a licensee is "a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation." *Id.* at 266, 551 N.E.2d at 1258.

Bennett drove to Kroger to buy toilet paper. This purpose would clearly benefit Bennett, who would receive the toilet paper; however, the purpose would also benefit Kroger, which would receive Bennett's money. Alas, Kroger had closed thirty minutes earlier, foiling this mutually beneficial purpose.

To determine what to do with Bennett, given the *Provencher* definitions, one must further inquire whether the attendant facts and circumstances indicate an implied invitation by Kroger for a purpose beneficial to Kroger, or whether Bennett entered purely for her own pleasure or benefit.

Instead, the majority holds as a matter of law that an individual who enters the parking lot of a store under the mistaken impression that the store is open for business, when in fact it is closed, enters purely for her own pleasure or benefit.

I would hold that a question of fact exists whether this plaintiff was a licensee or invitee at the time she entered the premises. If the facts and circumstances indicate that Kroger extended an implied invitation for a purpose beneficial to Kroger, then Bennett is an invitee.

Here, Bennett arrived at Kroger only thirty minutes after it had closed, the lights were on in the store, people were clearly visible inside, and approximately twenty cars remained in the parking lot,[1] arguably giving the impression that the store was still open at the time Bennett entered the lot. Bennett further believed that this Kroger store would be open because the Kroger store at which she regularly shopped was open twenty-four hours a day. The record is silent about whether the Kroger store sign was lit.

Reasonable minds may differ as to whether Kroger extended an invitation by creating a reasonable, yet mistaken impression that it remained opened, though

---

1. Evidence suggested that at least some of the vehicles were parked in the Kroger lot so that their owners could visit a tavern across the street. Without more, these persons would surely be licensees at best.

the store was in fact closed. Because a factual issue remains, Civ.R. 56 is inappropriate.

For this reason, I respectfully dissent.