[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Plaintiffs-appellants, Thelma L. Duncan and Jack D. Duncan, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Capitol South Community Urban Redevelopment Corp., TL Columbus Associates, L.L.C., and Central Parking System of Ohio, Inc.
 {¶ 2} On September 5, 1998, plaintiffs parked their vehicle on level A of Columbus City Center garage. In walking to the elevator, they traversed a six-inch curb from the garage floor to the elevator apron. See Depo. of Jack Duncan, 21-22 (noting no recollection of curb but admitting that "there was a curb there and we would have had to, in my opinion, step on to that curb or over that curb to get from where we were to the elevator"); Depo. of Thelma Duncan, 29 (no recollection of stepping over curb or walking up any ramp). The curb was in good repair, was marked by a yellow painted strip, and was lit with overhead lighting in the area. Plaintiffs rode the elevator, disembarked, and walked a short distance to a hotel where plaintiffs arranged accommodations.
 {¶ 3} Approximately 30 minutes later, plaintiffs decided to retrieve additional clothing from their car. Plaintiffs took the elevator to level A in the parking garage and disembarked from the elevator. After taking a few steps, Thelma Duncan fell, suffering injuries. Plaintiffs contend defendants' negligence caused Thelma Duncan's fall because the six-inch curb from the elevator apron to the parking garage surface constituted a dangerous condition that was not readily discernable.
 {¶ 4} Defendants, on the other hand, assert the six-inch curb constituted an open and obvious condition that plaintiffs were aware of because they safely traversed the curb approximately 30 minutes before Thelma Duncan's injury. According to defendants, defendants are not liable because they had no duty to warn plaintiffs of the curb that plaintiffs reasonably were expected to discover and earlier had safely traversed. Alternatively, even assuming defendants had a duty to plaintiffs, defendants contend plaintiffs' evidence is insufficient to prove causation, a required element in their claim of negligence.
 {¶ 5} On July 3, 2000, plaintiffs filed a complaint in common pleas court in which plaintiffs claimed defendants negligently designed, constructed and maintained curbing on level A next to the elevator in a parking garage at Columbus City Center. Plaintiffs also claimed defendants' conduct violated various state and federal standards, thereby rendering defendants negligent per se. In addition to plaintiffs' alleging defendants created a nuisance and acted with malice, Jack Duncan, husband of Thelma Duncan, claimed a loss of consortium as a direct and proximate result of defendants' alleged negligence. Lastly, plaintiffs asserted any subrogation interest of the federal government or plaintiffs' health insurer was contrary to public policy.
 {¶ 6} Because the Secretary of the United States Department of Health and Human Services ("Defendant Secretary") had been made a party defendant, Defendant Secretary, pursuant to Sections 1346, 1441 and 1446, Title 28, U.S. Code, filed notice of removal in federal district court, and the district court granted the removal request pursuant to Section 1346, Title 28, U.S. Code. The district court ultimately dismissed with prejudice the state law causes of action against Defendant Secretary and remanded the case to the common pleas court. A certified copy of the district court's opinion and order was filed in the common pleas court on December 4, 2001.
 {¶ 7} On April 5, 2002, defendants moved for summary judgment in the common pleas court. On May 2, 2002, plaintiffs filed in federal district court, rather than in common pleas court, a motion requesting an extension of time in which to file a motion for summary judgment. On May 13, 2002, the common pleas court granted defendants' summary judgment motion and entered judgment in favor of defendants. Plaintiffs, on May 16, 2002, filed a motion to set aside the verdict or, in the alternative, a motion for reconsideration, and filed a memorandum in opposition to defendants' summary judgment motion. Prior to the trial court's ruling on plaintiffs' motion, plaintiffs filed a notice of appeal. On appeal, they assign two errors:
 {¶ 8} "FIRST ASSIGNMENT OF ERROR
 {¶ 9} "The trial court erred when it failed to consider and/or grant Appellants relief from the judgment entered on May 13, 2002, pursuant to Civ. R. 60(B) or, in the alternative, the Motion for Reconsideration of the Summary Judgment Decision of the Court.
 {¶ 10} "SECOND ASSIGNMENT OF ERROR
 {¶ 11} "The trial court erred when it granted Appellees' motion for summary judgment."
 {¶ 12} As a preliminary matter, plaintiffs' contend the common pleas court lacked both personal and subject matter jurisdiction. Although the federal district court remanded the case to the common pleas court on December 3, 2001, and the common pleas court on December 4, 2001 received a certified copy of the order, plaintiffs contend the federal district court was not properly divested of jurisdiction until the district court clerk filed a judgment entry on September 18, 2002, leaving the common pleas court without jurisdiction until that time. As a result, according to plaintiffs, the May 13, 2002 judgment of the common pleas court in favor of defendants was a nullity and void ab initio due to lack of jurisdiction.
 {¶ 13} Former Fed.R.Civ.P. 58, in effect at all times pertinent to the proceedings, provided, in part, that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Although former Fed.R.Civ.P. 58 mandated entry of a separate document, the requirement may be waived. In re Yousif (C.A.6, 2000), 201 F.3d 774, 779; see, also, Bankers Trust Co. v. Mallis (1978), 435 U.S. 381, 386, 98 S.Ct. 1117
(noting the lack of a separate judgment pursuant to former Fed.R.Civ.P. 58
may not be fatal if the parties waived the separate-judgment requirement).
 {¶ 14} Here, following removal of the case to federal district court, the district court dismissed with prejudice all state law causes of action against Defendant Secretary and remanded the case to the common pleas court, thereby finally disposing of the matter in the federal court. Following the district court's remand order, the parties continued litigation in the common pleas court without objection, thus giving their implied consent to the common pleas court's jurisdiction. As a result, the parties also impliedly waived the separate-judgment requirement under former Fed.R.Civ.P. 58. United Tel. Co. of Ohio v. Tel. Answering Serv. of Lima, Inc. (Aug. 27, 1984), Allen App. No. 1-82-15 (observing that "[j]ust as a party may waive his right to remove by proceeding in the state court action or by failing to timely file notice of removal, a party may waive by voluntarily proceeding in the state court action even after a questionably valid order of remand").
 {¶ 15} Section 1447(c), Title 28, U.S. Code further supports jurisdiction in the common pleas court, stating "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). * * * A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." (Emphasis added.) See Internatl. Lottery, Inc. v. Kerouac (1995), 102 Ohio App.3d 660, 665
(holding "jurisdiction be determined by the district court's act of entering its remand order rather than by the clerk's ministerial act of mailing a certified copy of that order. To hold otherwise would promote form over substance). See, also, In re Lowe (C.A.4, 1996), 102 F.3d 731,736 ("hold[ing] that a federal court loses jurisdiction over a case as soon as its order to remand the case is entered"); Whiddon Farms, Inc. v. Delta Pine Land Co. (S.D.Ala. 2000), 103 F. Supp.2d 1310, 1314
(concluding district court loses jurisdiction immediately upon entry of a remand order).
 {¶ 16} Here, the common pleas court exercised jurisdiction after the remand order had been issued in the federal court and received in the common pleas court. Those facts, combined with plaintiffs continuing to litigate without objection in the common pleas court, render plaintiffs' jurisdictional arguments unpersuasive.
 {¶ 17} In their first assignment of error, plaintiffs contend the trial court erred by failing to consider or grant plaintiffs' Civ. R. 60(B) motion or, in the alternative, by failing to consider or grant plaintiffs' motion for reconsideration.
 {¶ 18} On May 16, 2002, after the common pleas court entered a final judgment, plaintiffs filed a "motion to reconsider and/or set aside verdict" in the common pleas court; on June 12, 2002, plaintiffs filed a notice of appeal. At the time the notice of appeal was filed, the trial court had not ruled upon plaintiffs' motion. Plaintiffs assert that by failing to rule on plaintiffs' Civ. R. 60(B) motion, the trial court overruled it. See State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 469, and Newman v. Al Castrucci Ford Sales, Inc. (1988), 54 Ohio App.3d 166, 169, jurisdictional motion overruled (1989),41 Ohio St.3d 725. According to plaintiffs, the matter is ripe for appellate review.
 {¶ 19} Plaintiffs' appeal to this court divested the common pleas court of jurisdiction to consider plaintiffs' Civ. R. 60(B) motion. Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141,147. As Howard noted, during the pendency of an appeal "[j]urisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ. R. 60(B) motion." Id. Plaintiffs have not sought an order from this court remanding the matter to the common pleas court for consideration of the Civ. R. 60(B) motion. In accordance with Howard, this court thus lacks jurisdiction to consider the merits of plaintiffs' Civ. R. 60(B) motion. Following the disposition of this appeal, the common pleas court again will have jurisdiction to determine plaintiffs' Civ. R. 60(B) motion. See State ex rel. Newton v. Court of Claims (1995), 73 Ohio St.3d 553, 558
("after the appeal was dismissed, the court had jurisdiction to rule on the Civ. R. 60[B] motion"). A timely appeal from that determination will give this court jurisdiction to review the trial court's ruling.
 {¶ 20} Similarly, plaintiffs' contention that the common pleas court erred by failing to rule on plaintiffs' motion for reconsideration, filed after the common pleas court's final judgment, is unpersuasive. In Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus, the Ohio Supreme Court held "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Consequently, "[w]ithout a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity." Id. at 380. Because plaintiffs' alternative motion for reconsideration is a legal nullity, any judgment or final order from plaintiffs' motion for reconsideration also would be a nullity. Id. at 381. Insofar as plaintiffs contend the trial court erred in not sustaining their motion for reconsideration, the first assignment of error is overruled; to the extent plaintiffs contend the trial court erred overruling their motion for Civ. R. 60(B) relief, the argument is premature.
 {¶ 21} In their second assignment of error, plaintiffs contend the trial court erred in granting defendants' motion for summary judgment. An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ. R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 22} Pursuant to Civ. R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ. R. 56, with specific facts showing that a genuine issue exists for trial. Dresher at 293; Vahila v. Hall (1997),77 Ohio St.3d 421, 430; Civ. R. 56(E).
 {¶ 23} In Malone v. Miami Univ. (1993), 89 Ohio App.3d 527,529-530, jurisdictional motion overruled, 68 Ohio St.3d 1410, this court observed that "[t]o establish a cause of action in negligence, appellant must show a duty, a breach of that duty and damage or injury as a proximate result of the breach. * * * The existence of a duty in a negligence action is a question of law for the court and there is no express formula for determining whether or not a duty exists." (Citation omitted.)
 {¶ 24} Generally, "[t]he legal status of a person injured on real property determines the scope and extent of landowner's duty to the injured person." Bennett v. Kroger Co. (1996), 109 Ohio App.3d 727,728-729, appeal not allowed, 76 Ohio St.3d 1495. See, also, Gladon v. Greater Cleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 315. Ohio law recognizes three classifications of persons present on another's land: invitees, licensees, and trespassers. Bennett at 729. As noted in Light v. Ohio Univ. (1986), 28 Ohio St.3d 66, 68 "[b]usiness invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner. * * * It is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. * * * Conversely, a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation, is a licensee. A licensee takes his license subject to its attendant perils and risks. The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury." (Citations omitted.) (Emphasis sic.) See, also, Gladon at 317, citing Soles v. Ohio Edison Co. (1945), 144 Ohio St. 373, paragraph one of the syllabus (noting a landowner owes no duty to a trespasser except to refrain from willful, wanton or reckless conduct that is likely to cause injury).
 {¶ 25} In moving for summary judgment, defendants did not contest that they were the owners or occupiers of the parking garage. Further, in their briefs before this court, the parties appear to concede plaintiffs were business invitees at the time of Thelma Duncan's fall. Because the parties apparently view plaintiffs as business invitees at the time of the fall, we must determine whether defendants exercised ordinary care, protected plaintiffs by maintaining the premises in a safe condition, and warned plaintiffs of latent defects of which defendants had knowledge. See Stockhauser v. Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29,32, citing Scheibel v. Lipton (1951), 156 Ohio St. 308.
 {¶ 26} Defendants contend they exercised ordinary and reasonable care, and the premises were maintained in a reasonably safe condition without any latent defects. Beyond that, defendants contend they owed no duty to plaintiffs because the curb was "open and obvious" and plaintiffs safely had traversed the curbing at issue approximately 30 minutes before Thelma Duncan's fall. Plaintiffs respond by contending the Ohio Supreme Court's opinion in Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677 essentially precludes the "open and obvious" doctrine from being a complete and total bar to recovery without a comparative negligence analysis.
 {¶ 27} As this court noted in Anderson v. Ruoff (1995),100 Ohio App.3d 601, 604, appeal not allowed, 73 Ohio St.3d 1414, "[u]nder the `open and obvious' doctrine, an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property. * * * The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." (Citations omitted.) Moreover, "[t]he question of comparative negligence is never reached if the court determines that a landowner owes no duty. The open and obvious doctrine, therefore, is not inconsistent with the comparative negligence principles set forth in R.C. 2315.19." Id.
 {¶ 28} Recently, in Horner v. Jiffy Lube Internatl., Inc., Franklin App. No. 01AP-1054, 2002-Ohio-2880, at ¶ 16, this court considered whether Texler altered the nature of the "open and obvious" doctrine, rendering it a relevant factor in determining comparative negligence rather than duty. As Horner observed, "[i]n Whitelaw v. The Fifty-Five Restaurant Group, Ltd. (2001), Franklin App. No. 00AP-668, we explicitly rejected this argument. As we stated in Whitelaw, the issue presented in Texler was whether the court of appeals should have entered judgment for defendant notwithstanding the verdict based upon its assessment that the plaintiff contributed over fifty percent of the negligence involved in her fall over a bucket of concrete used to prop open the defendant's door. The court held that there was enough evidence to support the jury's decision that the defendant was one hundred percent negligent in using a door stopper that partially obstructed the walkway. Therefore, the court reversed and remanded the case to the court of appeals for review of other issues previously considered moot. No where in the majority opinion did the court address the `open and obvious' doctrine. While we recognize that the court reached the question of comparative negligence in a case that arguably could have been resolved based upon the `open and obvious' doctrine, we decline to alter a long-established legal principle based upon precedent that does not address the principle. Therefore, Texler is inapplicable in determining whether one party's duty to another party is vitiated by the open and obvious nature of the danger."
 {¶ 29} See, also, Olson v. Wilfong Tire, Knox App. No. 01CA31, 2002-Ohio-2522, at ¶ 22; Yahle v. Historic Slumber Ltd. (Nov. 19, 2001), Clinton App. No. CA2001-04-015. But, see, Schindler v. Gale's Superior Supermarket, Inc. (2001), 142 Ohio App.3d 146, 153 ("this court is of the opinion that the time has come to analyze the openness and obviousness of a hazard not in terms of the duty owed but rather in terms of causation"). Under the precedent of this court, plaintiffs' contention that Texler essentially requires the "open and obvious" doctrine become one of causation, not duty, is unpersuasive.
 {¶ 30} Here, plaintiffs' claim that the six-inch curb they safely had traversed, unnoticed, on the way into the hotel became unreasonably dangerous when plaintiffs exited the elevator approximately 30 minutes later. As the Supreme Court explained in Raflo v. Losantiville Country Club (1973), 34 Ohio St.2d 1, paragraph one of the syllabus "[o]ne who upon entering a building traverses a step, the height of which is proscribed by the state building code, cannot maintain that the hazard was so insubstantial as to go unnoticed at that time, yet was unreasonably dangerous, hence actionable, when it occasioned her fall upon leaving the building." Similarly, "[o]ne who enters a building by traversing a step described as `abnormally high,' is charged with knowledge of the presence of that abnormality upon exiting." Id., paragraph two of the syllabus, following Leighton v. Hower Corp. (1948), 149 Ohio St. 72.
 {¶ 31} Accordingly, plaintiffs' contention that the six-inch curb was not an "open and obvious" condition is not persuasive. Moreover, even if plaintiffs could establish defendants breached a duty to plaintiffs, the evidence in the record does not establish proximate cause. See Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 286 ("It is well settled that in order for a person to be entitled to recover in damages for a claimed negligent injury, the act complained of must be the direct and proximate cause of the injury").
 {¶ 32} In deposition testimony, Thelma Duncan stated she did not remember looking at the ground, or see a curb, after disembarking from the elevator, and "she didn't see anything there to cause me to fall." (Thelma Duncan Depo., 42.) Accordingly, plaintiffs cannot establish the six-inch curb, which defendants allegedly designed, constructed and maintained, proximately caused Thelma Duncan's fall. See Guyton v. Debartolo, Inc. (Nov. 4, 1993), Cuyahoga App. No. 65268 ("[s]peculation or conjecture on a plaintiff's part as to the culpable party who caused her fall and what caused her fall is not sufficient, as a matter of law, since the issue of proximate cause is not open to speculation and plaintiff can point to no wrong or negligent act committed by defendant"); Jennings v. Ameritrust Co. (Oct. 6, 1994), Cuyahoga App. No. 66867. Because plaintiffs failed to establish the curb proximately caused Thelma Duncan's fall, plaintiffs cannot establish a prima facie negligence case. See Strother at 286.
 {¶ 33} In their complaint, plaintiffs also claimed defendants' conduct violated various federal and state statutory requirements, rendering defendants negligent per se or liable in strict liability, or both. Here, although the common pleas court did not make a specific finding concerning these claims, plaintiffs offer no evidence to support their allegations. Moreover, even if violation of a specific provision may be evidence of defendants' negligence, or even render defendants strictly liable, plaintiffs nonetheless must demonstrate a genuine issue exists regarding proximate cause. As noted, plaintiffs have failed to do so. Plaintiffs' allegations of nuisance suffer the same deficiency.
 {¶ 34} Plaintiffs' claim for punitive damages also fails: because plaintiffs failed to establish entitlement to compensatory damages, they are not entitled to punitive damages. Bishop v. Grdina (1985),20 Ohio St.3d 26, 28. Similarly, because the trial court properly granted summary judgment to defendants on Thelma Duncan's claim, Jack Duncan's loss of consortium claim also fails. See Martinez v. Yoho's Fast Food Equip., Franklin App. No. 02AP-79, 2002-Ohio-6756, at ¶ 27. See, also, Miller v. Xenia (Mar. 22, 2002), Greene App. No. 2001 CA 82 (noting loss of consortium claim failed as a matter of law because of failure of primary cause of action). Plaintiffs' second assignment of error is overruled.
 {¶ 35} Having overruled plaintiffs' first assignment of error in part, determined the remainder of their first assignment of error is premature, and overruled their second assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and LAZARUS, JJ., concur.