OPINION
{¶ 1} Plaintiff-appellant, Maxine Benton, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Cracker Barrel Old Country Store, Inc. Plaintiff timely appeals and assigns a single error:
 {¶ 2} "The trial court erred in granting defendant-appellee's motion for summary judgment on the basis that plaintiff-appellant's fall was caused by an open and obvious condition as a matter of law and that the plaintiff-appellant could not explain her reason for the fall."
 {¶ 3} Because the trial court properly determined (1) plaintiff's inability to determine what caused her fall precludes her recovery, and (2) the purported cause of her fall was open and obvious, we affirm.
 {¶ 4} On November 4, 1999, plaintiff and three other women stopped for dinner at a Cracker Barrel restaurant in Grove City, Ohio, on their way home from a day of shopping. The Cracker Barrel restaurant had both a dining area and a gift shop. As one companion parked the car, plaintiff and two others entered the restaurant, which plaintiff described as crowded.
 {¶ 5} On the way to the hostess podium, plaintiff walked by retail displays, including a display of boxes or chests. Plaintiff remained by the display for approximately five minutes as she waited for the hostess to return to the podium. Plaintiff gave her name to the hostess, who informed plaintiff of a 30 to 45 minute waiting period for seating. Plaintiff then turned around and began to walk toward one of her companions to inquire whether to wait 30 to 45 minutes for seating. As plaintiff began to walk, she fell and injured her right hip. Although plaintiff testified in deposition she does not know what caused her fall, plaintiff contends she tripped over boxes that may have protruded in an aisle.
 {¶ 6} Immediately after the fall, plaintiff was unable to put weight on her right leg. Preferring to be treated at a familiar hospital near her home, plaintiff declined an associate manager's offer to call 911. With assistance, plaintiff was positioned into her friend's car and was driven to Sycamore Hospital in Miamisburg, Ohio. Plaintiff subsequently had a partial hip replacement and underwent rehabilitation. Plaintiff asserts that since the fall she has suffered pain, as well as an inability to walk as she did prior to the fall.
 {¶ 7} On July 13, 2001, plaintiff filed a complaint against defendant in the common pleas court, alleging defendant created a hazardous condition within the restaurant, failed to warn plaintiff of the hazardous condition, and failed to warn plaintiff of latent defects or perils. Plaintiff further alleged her fall on November 4, 1999 was a direct and proximate result of defendant's negligence.
 {¶ 8} On August 19, 2002, defendant moved for summary judgment, which plaintiff opposed. On October 8, 2002, the trial court granted defendant's motion and, on October 17, 2002, entered judgment in favor of defendant. On appeal, plaintiff asserts the trial court erred in granting summary judgment to plaintiff.
 {¶ 9} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 10} Under Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher at 293; Vahila v. Hall (1997),77 Ohio St.3d 421, 430; Civ.R. 56(E).
 {¶ 11} "When determining the presence or absence of negligent conduct, it is necessary to examine (1) the existence of a duty owing to the plaintiffs; (2) a breach of that duty; and (3) proximate causation." Moncol v. Bd. of Education (1978), 55 Ohio St.2d 72, 75. See, also, Cooper v. Red Roof Inns, Inc. (Mar. 30, 2001), Franklin App. No. 00AP-876, appeal not allowed, 92 Ohio St.3d 1450. Whether a duty exists in a negligence action is a question of law and no express formula determines the issue. Malone v. Miami Univ. (1993), 89 Ohio App.3d 527,530, jurisdictional motion overruled, 68 Ohio St.3d 1410, citing Mussivand v. David (1989), 45 Ohio St.3d 314.
 {¶ 12} In general, "`[t]he legal status of a person injured on real property determines the scope and extent of landowner's duty to the injured person.'" Duncan v. Capitol South Community Urban Redevelopment Corp., Franklin App. No. 02AP-653, 2003-Ohio-1273, at ¶ 24, quoting Bennett v. Kroger Co. (1996), 109 Ohio App.3d 727, 728, appeal not allowed, 76 Ohio St.3d 1495. See, also, Gladon v. Greater Cleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 315 ("[i]n Ohio, the status of the person who enters upon the land of another [i.e., trespasser, licensee, or invitee] continues to define the scope of the legal duty that the landowner owes the entrant").
 {¶ 13} "Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner. * * * It is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. * * * Conversely, a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation, is a licensee. A licensee takes his license subject to its attendant perils and risks. The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury." Light v. Ohio Univ. (1986), 28 Ohio St.3d 66, 68. (Emphasis sic.) See, also, Gladon at 317, citing Soles v. Ohio Edison Co. (1945), 144 Ohio St. 373, paragraph one of the syllabus (duties owed to trespasser are the same as those owed to licensee).
 {¶ 14} Here, the parties do not dispute plaintiff was a business invitee at the time of plaintiff's fall. Therefore, we must determine whether defendant exercised ordinary and reasonable care, including maintenance of the premises in a reasonably safe condition, and warned plaintiff of latent defects of which defendant should have had knowledge. See Stockhauser v. Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29,32, citing Scheibel v. Lipton (1951), 156 Ohio St. 308. Although defendant owed plaintiff a duty of ordinary care, defendant was not an insurer of plaintiff's safety. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203.
 {¶ 15} Further, defendant was "under no duty to protect business invitees from dangers `which are known to such invitee that [s]he may reasonably be expected to discover them and protect [her]self against them.'" Paschal at 203-204, quoting Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus. As this court noted in Lydic v. Lowe's Cos., Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10 "`[o]pen and obvious' dangers are neither hidden, concealed from view, nor nondiscoverable upon ordinary inspection. * * * More importantly, the dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable. Even in cases in which the plaintiff did not actually notice the condition until after he or she fell, this court has found no duty to exist in cases where the plaintiff could have seen the condition if he or she had looked." "`The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of a particular case.' * * * If there is no duty, the premises owner cannot be found to be negligent." Flowers ex rel. Estate of Kelley v. Penn Traffic Co. (Aug. 16, 2001), Franklin App. No. 01AP-82, appeal not allowed, 93 Ohio St.3d 1498.
 {¶ 16} Here, plaintiff saw and safely walked past a display of boxes or chests on the way to the hostess podium and stood next to the boxes or chests for approximately five minutes while she waited for the hostess to return. Under those circumstances, the trial court did not err in finding the boxes constituted an "open and obvious" condition. (Decision, 8.) Moreover, with that finding the trial court could properly determine defendant did not owe a duty to protect plaintiff regarding the display boxes, and defendant thus was not negligent in that regard as a matter of law. See Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51
("where the hazard is not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant"). See, also, Duncan at ¶ 31 (finding unpersuasive an argument that six-inch curb over which plaintiff safely traversed approximately 30 minutes earlier was not an "open and obvious" condition); Lydic at ¶ 15 (concluding piece of wood over which one plaintiff tripped constituted an "open and obvious" condition).
 {¶ 17} Plaintiff nonetheless asserts the crowded restaurant created attendant circumstances that mitigated against applying the "open and obvious" doctrine. "An attendant circumstance is a factor that contributes to the fall and is beyond the control of the injured party. * * * The phrase refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. * * * However, `[b]oth circumstances contributing to and those reducing the risk of the defect must be considered.'" Sack v. Skyline Chili, Inc., Warren App. No. CA2002-09-101, 2003-Ohio-2226, at ¶ 20. See, also, Burstion v. Chong-Hadaway, Inc. (Mar. 2, 2000), Franklin App. No. 99AP-701 (discussing attendant circumstances in McGuire v. Sears, Roebuck Co. [1996], 118 Ohio App.3d 494).
 {¶ 18} Here, even if the restaurant was crowded with people or the gift shop was well-stocked with merchandise, plaintiff proffers no evidence or rationale explaining how crowded the restaurant or gift shop was at the time of plaintiff's fall, whether prior to her fall the crowd jostled plaintiff, or whether the crowded conditions caused plaintiff to alter her path as she walked down the aisle prior to the fall. Consequently, plaintiff's argument that the crowded restaurant and gift shop created attendant circumstances is unpersuasive.
 {¶ 19} Nor does the evidence support plaintiff's claims of latent defects or perils. See, e.g., Lone Star Steakhouse Saloon of Ohio, Inc. v. Quaranta (Mar. 18, 2002), Mahoning App. No. 01 CA 60, quoting Black's Law Dictionary (6 Ed. 1991) 611 (defining latent defect as "`[a] hidden or concealed defect. One which could not be discovered by reasonable or customary observation' "). In this case, the boxes or chests over which plaintiff contends she fell were in plain view, and plaintiff and her companions observed them prior to plaintiff's fall. Similarly, plaintiff presented no evidence the restaurant's floor had any imperfections that contributed to her fall.
 {¶ 20} The trial court also properly concluded the evidence in the record does not establish proximate causation. See Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 286 ("[i]t is well settled that in order for a person to be entitled to recover in damages for a claimed negligent injury, the act complained of must be the direct and proximate cause of the injury"). See, also, Dickerson v. Food World (Dec. 17, 1998), Franklin App. No. 98AP-287, citing Green v. Castronova (1966),9 Ohio App.2d 156 ("[i]t is well-settled that no presumption or inference of negligence arises from the bare happening of an accident or from the mere fact that an injury occurred").
 {¶ 21} In deposition, plaintiff testified she did not know what she tripped on or whether her foot hit anything. Plaintiff further testified that before she left the restaurant she did not get any indication about what caused her to fall and did not see anything. Nevertheless, plaintiff later stated that because she was a strong walker, "[i]t must have taken something to have caused me to trip." (Depo. of Maxine Benton, at 36.)
 {¶ 22} Plaintiff's companions did not see plaintiff fall and therefore did not have direct knowledge concerning the cause of her fall. Nonetheless, plaintiff's companions speculate plaintiff tripped over a box that may have protruded in the aisle. See depo. of Patricia Hancock, at 22 (concluding plaintiff tripped over box because she saw a box between plaintiff's feet after plaintiff's fall); Depo. of Elaine Saltsgarver, 14 (concluding plaintiff tripped over box because she saw a box pushed in the aisle and does not recall previously seeing box pushed out in that manner). See, also, depo. of Bonnie Boal, 17-20 (concluding plaintiff tripped over box because she saw box protruding in aisle after plaintiff's fall). Even if a box be the cause of plaintiff's fall, it was, as noted, an open and obvious condition. Moreover, "[s]peculation or conjecture on a plaintiff's part as to the culpable party who caused her fall and what caused her fall is not sufficient, as a matter of law, since the issue of proximate cause is not open to speculation[.]" Guyton v. DeBartolo, Inc. (Nov. 4, 1993), Cuyahoga App. No. 65268.
 {¶ 23} Plaintiff cites to Johnson v. Wendy's Internatl., Inc. (1993), 90 Ohio App.3d 100, 104, jurisdictional motion overruled (1994),68 Ohio St.3d 1430, for the proposition that "a person who sustains an injury from a fall is not necessarily precluded from asserting a successful negligence claim simply because she cannot remember the exact cause of her fall." Johnson, however, is distinguishable from this case because Johnson was "not a case where a plaintiff simply testifies that she fell and that a dangerous condition existed in close proximity to the fall." Id. Rather, Johnson "illustrate[d] how a permissible inference may be drawn from the injured plaintiff's limited factual testimony surrounding the fall and the observations and conclusions drawn by an expert witness." Id.
 {¶ 24} Unlike Johnson, no expert opinion supported plaintiff's contention that hazardous gift store conditions contributed to plaintiff's fall. Rather, plaintiff simply testified she fell and concludes a dangerous condition existed in close proximity to her fall because of where fact witnesses observed the location of a box or chest after plaintiff's fall. Even if the evidence is construed in plaintiff's favor, plaintiff presents no evidence of proximate causation, but only insufficient conjectures. See Guyton, supra.
 {¶ 25} Accordingly, plaintiff's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE, P.J., and TYACK, J., concur.