OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiffs-Appellants, Donna and Charles Klasic, appeal the decision of the Mahoning County Court of Common Pleas that granted summary judgment to Defendant-Appellee, Time Warner Entertainment Company, LP. Donna was injured in a slip and fall accident when she walked into Time Warner's offices in Youngstown. The Klasics contend that the trial court erred in granting summary judgment since Donna was Time Warner's first customer of the day and, therefore, there was no excuse for the floor to be slippery at that time.
 {¶ 2} The Klasics cannot point to any evidence showing that Time Warner either caused the dangerous condition, had actual knowledge of that condition, or had constructive knowledge of that condition. Furthermore, the doctrine of res ipsa loquitur does not apply in this case since there could be multiple reasons why the floor was slippery, some of which are not due to Time Warner's negligence. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 3} On January 2, 2004, the Klasics drove to Time Warner's offices in Youngstown, Ohio, to pay their cable bill. The day was a cool, damp day, but there was no rain or snow falling at the time. The Klasics arrived at Time Warner's offices about five minutes before Time Warner opened for business and Donna waited outside for the building to open. At 9:00 a.m., a Time Warner employee opened the front door and walked out. Donna stepped into Time Warner's foyer.
 {¶ 4} Time Warner's foyer contained a large carpeted area surrounded by tile, which was one foot wide. Time Warner had purchased the most abrasive tile available for their foyer. When Donna stepped onto the tile, she slipped and fell, injuring herself. She testified that she discovered that the tile was wet and tacky after she fell. Charles, who arrived shortly after Donna fell, testified that the floor felt "moist." Neither Donna nor Charles saw any sign that the floor had been recently mopped and a Time Warner employee testified that the floor was only mopped in the evenings. *Page 3 
 {¶ 5} The Klasics filed a complaint sounding in negligence and loss of consortium against Time Warner on August 6, 2004. That complaint was later amended to change the name of the defendant to Time Warner's proper name.
 {¶ 6} On February 1, 2006, Time Warner moved for summary judgment, arguing that the Klasics could not show that Time Warner was negligent. The Klasics responded to this motion on February 14, 2006, contending that there was a genuine issue regarding Time Warner's negligence. The trial court granted Time Warner's motion on March 1, 2006.
 Business Invitee Negligence Claim {¶ 7} In their sole assignment of error on appeal, the Klasics argue:
 {¶ 8} "The trial court committed error in granting Defendant-Appellee's motion for summary judgment when there existed genuine issues of fact regarding Defendant-Appellee's knowledge or notice of the existence of a hazard existing upon its premises, and Defendant-Appellee's failure to provide adequate warning thereof."
 {¶ 9} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. GoodyearTire Rubber Co. (1990), 66 Ohio App.3d 826, 829. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-0186. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304.
 {¶ 10} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in her favor. Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a *Page 4 
material element of the nonmoving party's claim." Dresher v. Burt,75 Ohio St.3d 280, 296, 1996-Ohio-0107. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293.
 {¶ 11} The Klasics' claim against Time Warner sounds in negligence. "When determining the presence or absence of negligent conduct, it is necessary to examine (1 ) the existence of a duty owing to the plaintiffs; (2) a breach of that duty; and (3) proximate causation."Moncol v. Bd. of Education (1978), 55 Ohio St.2d 72, 75. "The existence of a duty in a negligence action is a question of law." Mussivand v.David (1989), 45 Ohio St.3d 314, 318. "The legal status of a person injured on real property determines the scope and extent of the landowner's duty to the injured person." Bennett v. Kroger Co. (1996),109 Ohio App.3d 727, 728.
 {¶ 12} The parties agree that Donna was on Time Warner's property as a business invitee. A business invitee is one rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest. Provencher v. Ohio Dept. of Transp. (1990),49 Ohio St.3d 265, 265-266. "A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. This does not mean that the shopkeeper is an insurer of the customer's safety. Id. The mere occurrence of an injury to a business invitee gives rise to neither a presumption nor an inference of negligence. Parras v.Std. Oil Co. (1953), 160 Ohio St. 315, paragraph one of the syllabus. In order to demonstrate a breach of this duty, the invitee must show one of the following: 1) that the defendant through its officers or employees was responsible for the hazard complained of, 2) that at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly, or 3) that such danger had existed for a sufficient length of time reasonably to justify the imposition of constructive notice. *Page 5 
 Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589.
 {¶ 13} In this case, there is not a genuine issue regarding any of the ways in which Time Warner could have breached its duty of care to Donna. Viewing the evidence in the light most favorable to the Klasics, there was clearly a hazard, the wet floor. However, there is no evidence that Time Warner either was responsible for the creation of this hazard, had actual knowledge of this hazard, or that the danger had existed for a sufficient length of time to justify the imposition of constructive notice. The Klasics speculate that Time Warner mopped the area soon before it opened and thereby created the hazard, but Time Warner denied this and the Klasics saw no evidence of recent mopping, such as mopping tools. The Klasics also claim that Time Warner had actual knowledge of the hazard, since one of its employees walked in the area to open the door. However, the Klasics only speculate that the employee could have noticed the wet floor and cannot prove that the employee actually noticed the wet floor. Finally, there is simply no evidence in the record demonstrating that the danger had been there for any period of time.
 {¶ 14} Instead of arguing a breach in accordance with the options described in Johnson, the Klasics' argue that Time Warner had to know of the hazard since Donna was the first customer in the door that day. This argument is basically a res ipsa loquitur argument.
 Res ipsa loquitur {¶ 15} "[R]es ipsa loquitur is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff." Hake v. GeorgeWiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 66. This rule of evidence applies if the plaintiff can prove the following: 1) that the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant and 2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. Id. at 66-67. *Page 6 
 {¶ 16} It is "relatively simple" to determine whether the defendant exercised exclusive management and control. Soltz v. Colony RecreationCenter (1949), 151 Ohio St. 503, 505.
 {¶ 17} "The difficulty in determining the applicability of the doctrine arises where the instrumentality causing the injury is under the exclusive management and control of the defendant and the court is then called upon to determine the question whether `the accident occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.'" Id. at 506. "In effect, before applying the doctrine of res ipsa loquitur, the court must be warranted in taking judicial notice of the fact that the accident does not happen in the ordinary course of events unless there is negligence." Id. at 511.
 {¶ 18} "Generally, the amount of care required to constitute ordinary care, is commensurate with the danger involved. Thus, under circumstances of peculiar peril, a greater amount of care is required than where the circumstances are less perilous, because prudent and careful persons, having in view the object to be attained and the just rights of others, are, in such cases, accustomed to exercise more care than in cases less perilous. The amount of care is increased, but the standard is still the same. It is still nothing more than ordinary care under the circumstances of that particular case." Id. at 510.
 {¶ 19} The Ohio Supreme Court has stressed that this rule of evidence should only be used when a defendant's negligence is the only reasonable inference from the facts.
 {¶ 20} "Where it has been shown by the evidence adduced that there are two equally efficient and probable causes of the injury, one of which is not attributable to the negligence of the defendant, the rule of res ipsa loquitur does not apply. In other words, where the trier of the facts could not reasonably find one of the probable causes more likely than the other, the instruction on the inference of negligence may not be given." Jennings Buick, Inc. v. City of Cincinnati (1980),63 Ohio St.2d 167, 171.
 {¶ 21} The question of whether this rule of evidence applies in a particular case is a question of law. Hake at 67. Courts should be careful not to confuse the burden to *Page 7 
demonstrate an issue of fact regarding their negligence claim in order to defeat a motion for summary judgment with the determination of law regarding whether or not res ipsa loquitur applies to the case.Shumway v. Seaway Foodtown, Inc. (Feb. 24, 1998), 3d Dist. No. 3-97-17, at 4.
 {¶ 22} Viewing the facts in the light most favorable to the Klasics, a reasonable fact-finder could conclude that the area which caused Donna's injury was under Time Warner's exclusive management and control. Time Warner was opening its doors for business when Donna walked in, slipped, and injured herself. Prior to this time, Time Warner was in sole possession of the premises and only Time Warner employees were present.
 {¶ 23} Nevertheless, the doctrine of res ipsa loquitur cannot apply in this case because the Klasics cannot rule out any cause for the danger other than Time Warner's negligence. According to Donna's testimony, it was a cool, damp day, although it was neither snowing or raining at the time of her accident. These conditions could have caused the floor to be "wet," "tacky," and "moist," even if Donna was the first customer in the store. The fact that weather may have caused a floor to be slick does not necessarily mean that the property owner is negligent. SeePaschal.
 {¶ 24} In order to use the doctrine of res ipsa loquitur, the Klasics have an obligation to demonstrate that Time Warner's negligence could only be the cause of their accident. They have failed in this task because there are at least two reasons why the tile in Time Warner may have been slick and not all of those reasons are necessarily due to Time Warner's negligence. Accordingly, we cannot apply the doctrine of res ipsa loquitur applies to the facts of this case.
 {¶ 25} In this case, the Klasics have failed to demonstrate a genuine issue of material fact regarding Time Warner's negligence. Accordingly, the trial court properly granted summary judgment to Time Warner. The Klasics' sole assignment of error is meritless and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1