MALONE, Appellant,

v.

MIAMI UNIVERSITY, Appellee.

[Cite as *Malone v. Miami Univ.* (1993), 89 Ohio App.3d 527.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–266.

Decided Aug. 3, 1993.

*Lindhorst & Dreidame, Gary F. Franke* and *Jay R. Langenbahn,* for appellant.

*Lee Fisher,* Attorney General, *Celeste Cook* and *Catherine M. Cola,* Assistant Attorneys General, for appellee.

BOWMAN, Judge.

Jesse Combs, Joan Jessie and Rick Jones were part-time, weekend custodians for appellee, Miami University ("Miami"), who worked only during the school year. On August 19, 1989, the first day back to work, Patrick White, Combs' supervisor, drove Combs and some other employees to an off-campus restaurant, Mac & Joe's, for lunch. When leaving the campus for lunch, employees were required to clock-out. At Mac & Joe's, Combs and Jones consumed some alcoholic beverages. There was no university policy prohibiting employees from consuming alcoholic beverages on their lunch break, although they were prohibited from working in an intoxicated state and from consuming alcohol while on campus.

On their way back to campus, Combs asked White to stop at a drive-thru so that he could buy some cigarettes. Combs went into the drive-thru alone and, with his own money, purchased some cigarettes and some low-alcohol volume rum. Upon their return to campus, White saw Combs remove the bottle of rum from the car; however, he assumed Combs had taken it to his own car.

During the afternoon, White did not see Combs as he was helping his supervisor, Jay Mabry, move some furniture. In the afternoon, Jones and Combs

were assigned to strip and wax floors in a dining hall. While he was working, Combs mixed the alcohol he had purchased on his lunch hour with the soda in a Sprite can and drank it while working. Jones observed Combs' actions and, although he did not report Combs to White, he left Combs to work by himself because he did not want to be around someone drinking.

At 5:00 p.m., Combs clocked out for the day and, when both Jessie and Jones noticed Combs was visibly intoxicated, they reported it to White. White spoke with Combs in the parking lot and offered to drive him home; however, Combs refused the offer, stating that he was fine. Fifteen minutes after Combs left Miami's campus, he was involved in a head-on collision with appellant, Kevin Malone.

On August 16, 1991, appellant filed a complaint against Miami for his personal injuries, alleging that Miami was negligent in its conduct as the employer of Combs. In essence, appellant asserted that Miami should be liable for his injuries, since Combs consumed alcoholic beverages on university property and during working hours.

A trial on the issue of liability was held and, on February 1, 1993, the court issued its decision finding that Miami was not legally responsible simply because its employee, with the knowledge of his supervisor, drives home from work intoxicated and, as a result, causes an accident. Appellant now brings this appeal and asserts the following assignment of error:

"The trial court erred in finding that an employer has no duty to prevent intoxicated employees from causing injury to third persons where the employer creates or contributes to the creation of a hazardous condition by permitting, encouraging or enabling employees to obtain and consume alcoholic beverages on the employer's premises during work hours, and where the employer has actual knowledge that the employee is intoxicated and creates a hazardous or dangerous condition to third persons."

In his assignment of error, appellant asserts that the trial court erred when it found that Miami was not negligent in its conduct with regard to Combs. Appellant asserts that employers have a duty to prevent intoxicated employees from causing injuries to third persons, especially where the employer has actual knowledge that an employee is intoxicated and contributed to that condition by permitting, encouraging or enabling its employees to obtain or consume alcohol on its premises during work hours.

To establish a cause of action in negligence, appellant must show a duty, a breach of that duty and damage or injury as a proximate result of the breach.

*Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. The existence of a duty in a negligence action is a question of law for the court and there is no express formula for determining whether or not a duty exists. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 544 N.E.2d 265.

In *Howard v. Delco Div. of Gen. Motors Corp.* (1987), 41 Ohio App.3d 145, 534 N.E.2d 936, the court, in finding that there is no duty upon an employer to protect its obviously intoxicated employee from the risk that the employee will have an automobile accident after leaving work when the employee brought that risk upon himself through his own conduct with no help or encouragement from his employer, stated that it was not satisfied that the employment relationship in Ohio was so paternalistic as to impose a duty upon an employer to protect its obviously intoxicated employee from the risk that the employee will have an automobile accident after leaving work. The court noted that, in Ohio, courts have declined to impose a duty upon social hosts to protect against the likelihood that a guest may become intoxicated and, as a result, while driving home, injure a member of the general public. The court then cited *Settlemyer v. Wilmington Veterans Post No. 49* (1984), 11 Ohio St.3d 123, 11 OBR 421, 464 N.E.2d 521, which held that any policy modifications which are designed to encompass the potential liability of social providers of intoxicating beverages should be deferred to the sound discretion of the legislature. The court, in *Howard,* 41 Ohio App.3d at 148, 534 N.E.2d at 939, then stated:

"If social hosts have no duty to protect members of the general public from the likelihood of collision with automobiles being driven by their intoxicated guests on the way home, we do not think that employers have a duty to protect an employee who has become intoxicated, without encouragement or assistance from his employer, against the likelihood that he will have an automobile collision on the way home from work. In the absence of legislation providing for such a duty, the only basis for distinguishing the employer-employee duty from the social host-general public duty would imply a degree of paternalism in the employment relationship that we do not find to be present in Ohio."

In this case, Combs drank alcohol during his lunch break, on his own time and away from Miami property. No university policy prohibited Combs from consuming alcohol during that time. Further, when Combs purchased alcohol on his way back to work, he purchased the rum with his own money, on his own volition and on his own time. Once Combs returned to work, White did not know what Combs did with the alcohol and assumed that he put it in his automobile. White did not see Combs consume alcohol at work that day, nor did he know that the bottle of alcohol had been taken to Combs' working area. Miami does prohibit its

employees from working in an intoxicated state and from consuming alcohol on campus; however, in this case, White had no idea that Combs was intoxicated until Combs clocked out of work for the day. At that point, White offered to drive Combs home; however, Combs refused the offer, got in his car and drove off campus.

In this situation, White had no legal duty or obligation to prevent Combs from leaving his workplace. White attempted to dissuade Combs from driving, but when Combs refused his offer of assistance, White could not make Combs stay at work until he was sober. Further, simply because Combs consumed and purchased alcohol on his lunch break during his job with Miami does not make Miami liable for activities that occurred as a result of that consumption. Combs purchased the alcohol on his own time with his own money and did not violate any university policy. Thus, Miami did not contribute or create the situation which allowed Combs to become intoxicated. Miami had no duty or right to control Combs' activities away from work and certainly did not owe a legal duty to the public at large to protect them from injuries caused by an employee who had become intoxicated because of his own actions. See, for example, *Barrow v. Lally* (Jan. 15, 1987), Cuyahoga App. No. 51503, unreported, 1987 WL 5459. Miami and White exercised due care in this situation and, since Combs was no longer on work time, they had no control over him.

Because appellant has not demonstrated a duty on the part of Miami, let alone a breach of that duty, his assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and CLOSE, JJ., concur.