GEBHART, Gdn., et al., Appellants,

v.

COLLEGE OF MT. ST. JOSEPH et al., Appellees.

[Cite as *Gebhart v. College of Mt. St. Joseph* (1995), 106 Ohio App.3d 1.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940234.

Decided Aug. 2, 1995.

*Michael Paolucci,* for appellants.

*Joseph K. Wehby,* for appellees.

*Per Curiam.*

J. Robert Gebhart, Charlotte Gebhart, and J. Robert Gebhart as legal guardian of Bradley Gebhart ("the Gebharts") sued, among other parties, Mt. St. Joseph College ("the college") and Good Samaritan Hospital ("the hospital"). The basis of the lawsuit was the alleged sexual assaults on Bradley Gebhart by the then Rev. George Cooley ("Cooley"), who at the time of the alleged assaults was assigned to the defendants first in the role of hospital chaplain at the hospital, and next in the capacity of campus minister at the college. The Gebharts claimed liability on the part of the hospital and the college through the theories of *respondeat superior* and negligent supervision. The hospital and the college moved for summary judgment, which was granted by the trial court. The ruling granting summary judgment was certified by the trial court as a final appealable order pursuant to Civ.R. 54(B), and the Gebharts appealed.

The Gebharts raise eight assignments of error which ultimately assert two issues for review: (1) the trial court erred in failing to give the Gebharts additional time for discovery; and (2) the trial court erred by granting summary judgment to the hospital and the college. The Gebharts' first issue is without merit. The Gebharts had nearly two years to develop the facts of this case, and numerous depositions and affidavits were before the trial court when it ruled on the appellees' motion for summary judgment. Furthermore, the Gebharts never requested additional time, denied the need for additional time when asked by the court, and never filed a Civ.R. 56(F) motion requesting additional time for discovery. Therefore the trial court did not abuse its discretion in proceeding to rule on the motion for summary judgment. *Stegawski v. Cleveland Anesthesia Group* (1987), 37 Ohio App.3d 78, 523 N.E.2d 902, fn. 5; *Tekavec v. Sears, Roebuck & Co.* (Sept. 29, 1994), Cuyahoga App. No. 65506, unreported, 1994 WL 530870.

In ruling on a motion for summary judgment, a trial court must determine whether there are no genuine issues of material fact in dispute, and whether reasonable minds can come to but one conclusion that is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. It is well established that in order for an employer to be liable under the doctrine of *respondeat superior,* the tort of the employee must be committed within the scope of employment. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 58, 565 N.E.2d 584, 587; Restatement of the Law 2d, Agency (1958) 481, Section 219(1). For an intentional act committed by an employee to be within the scope of employment, the act must be calculated to facilitate or promote the business for which the servant was employed. *Byrd* at 58, 565 N.E.2d at 587,

**4**

quoting *Little Miami RR. Co. v. Wetmore* (1869), 19 Ohio St. 110, 132. Therefore, in order to prevail on their motion for summary judgment with respect to the Gebharts' claim based on *respondeat superior*, the hospital and the college had to show that Cooley's alleged sexual assaults of Bradley Gebhart did not facilitate or promote the activities of the hospital or the college.[1]

In *Byrd*, the Ohio Supreme Court considered whether the nonconsensual sexual conduct committed by a priest against a member of the parish occurred within the priest's scope of employment for purposes of sustaining a cause of action against the church under *respondeat superior*. The court in *Byrd* held that when the "facilitates or promotes the activities of" test was applied to religious institutions, the appropriate analysis for determining whether an action fell within the scope of employment became whether the intentional act of the priest was characteristic of the church's activities or reasonably foreseeable by the church. *Byrd*, 57 Ohio St.3d at 59–60, 565 N.E.2d at 588. In *Mirick v. McClellan* (Apr. 27, 1994), Hamilton App. No. C–930099, unreported, 1994 WL 156303, this court discussed when a priest's misconduct can be imputed to his employer for purposes of liability. This court stated that "when an employee diverts from the straight and narrow performance of his task, the diversion is not an abandonment of his responsibility and service to his employer unless his act is so divergent that its very character severs the relationship of employer and employee." *Id.* at 4.

Sexual assault cannot be said to be characteristic of the activities of a hospital or a college, and it can be said to be an act so divergent that the employer-employee relationship is severed by its performance. Furthermore, it was not reasonably foreseeable to the hospital or the college that Cooley would engage in such conduct beyond the scope of his official duties with someone who was neither a student at the college nor a patient at the hospital. The alleged sexual assaults took place in Cooley's residence at night. Bradley Gebhart was not a patient at the hospital or a student at the college; his relationship with Cooley arose from Bradley's contacts with Cooley at his school and parish. Their relationship was not in any way influenced by Cooley's role as either campus minister or hospital chaplain. Indeed, the fact that the entire Gebhart family maintained a close relationship with Cooley through his various assignments in the diocese demonstrates that the family's relationship with Cooley was separate from his roles with his various employers. Therefore, we hold that the trial court was correct in concluding that the alleged sexual assaults fell outside the scope of Cooley's employment as a hospital chaplain or campus minister. Accordingly, neither the

---

1. Notwithstanding the appellees' argument that Cooley was not employed by them but rather assigned to them, both the college and the hospital had the right to direct and control Cooley's activities while he was a campus minister and a hospital chaplain.

hospital nor the college is liable to the Gebharts under a theory of *respondeat superior.*

The Gebharts also brought a claim of negligent supervision. As with *respondeat superior*, liability under a theory of negligent supervision is premised on the employment relationship. In the case at hand, the alleged attacks did not occur while Cooley was working at the hospital or the college; the alleged assaults occurred in Cooley's private residence at night. The Gebharts, as the party against whom the motion for summary judgment was made, failed to come forward with any evidence that the hospital or college had any right or duty to supervise Cooley outside the employment context. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. In *Malone v. Miami Univ.* (1993), 89 Ohio App.3d 527, 625 N.E.2d 640, the court determined that the university could not be held liable for the injuries caused when its employee left work intoxicated and became involved in a head-on collision. The court stated that "Miami had no duty or right to control [the employee's] activities away from work and certainly did not owe a legal duty to the public at large to protect them from injuries caused by an employee who had become intoxicated because of his own actions." *Id.* at 531, 625 N.E.2d at 642–643.

Although the employment relationship of a priest is not conducive to an "office hours" definition, even if one accepts the broader definition of employment as a certain role or capacity, Cooley was acting outside these as well at the time that the alleged assaults occurred. Bradley Gebhart was staying with Cooley at the times of the alleged attacks because of the Gebhart family's friendship with their former parish priest. Cooley's interaction with Bradley was completely unrelated to Cooley's role as either hospital chaplain or campus minister. Thus, the Gebharts failed to establish a duty on the part of the hospital or the college to supervise Cooley at the time of the alleged assaults.

Because the Gebharts failed to establish their *prima facie* case with respect to either theory of liability, and because they were not entitled to additional time for discovery, summary judgment was appropriately granted. Therefore, their eight assignments of error are not well taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, P.J., MARIANNA BROWN BETTMAN and SUNDERMANN, JJ., concur.