[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
These consolidated appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising six assignments of error, plaintiff-appellant Shu Chen contests the entry of summary judgment in favor of defendant-appellee The McAlpin Company, her former employer, on her claims seeking damages arising from her discharge for violating the company's zero-tolerance-for-violence policy by fighting with a co-worker.
In four interrelated assignments of error, Chen contends that the trial court erred in entering summary judgment in favor of McAlpin as genuine issues of material fact remained to be litigated. When, as here, the party moving for summary judgment discharges its initial burden of identifying the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims, the nonmoving party has the reciprocal burden of producing evidence on the issues for which it bears the burden of production at trial. Civ.R. 56(C); Dresher v.Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274; Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801.
Because it is unrebutted that neither Chen, an Asian-American, nor the co-worker, Eva Moubarak was replaced by persons outside the protected class, and because there is no factual dispute that she was fired for fighting in the workplace in violation of McAlpin's stated policy, Chen has failed to make any prima facie showing of discriminatory intent and has failed to rebut McAlpin's legitimate nondiscriminatory reason for discharge. See Byrnes v. LCICommunication Holdings Co. (1996), 77 Ohio St.3d 125,672 N.E.2d 145; see, also, McDonnell Douglas Corp. v. Green (1973),411 U.S. 792, 93 S.Ct. 1817. As summary judgment was properly entered on her claim of discrimination on the basis of national origin, the fourth assignment of error is overruled.
Chen's other assignments of error, that the trial court erred in entering summary judgment on her claims for civil assault under the respondeat superior doctrine, negligent supervision, promissory estoppel and breach of contract, must also fail. Chen did not demonstrate any genuine issue of material fact on the issues for which she bore the burden of production at trial, including whether her co-worker's assault upon her facilitated or promoted McAlpin's business, see Gebhart v. College of Mt. St.Joseph (1995), 106 Ohio App.3d 1, 3-4, 665 N.E.2d 223, 224, whether the fight with Moubarak, allegedly over national origin, was foreseeable by McAlpin's, see Evans v. Ohio State Univ. (1996), 112 Ohio App.3d 724, 680 N.E.2d 161, and whether the employee handbook constituted a valid employment contract, seeKulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134,677 N.E.2d 308; see, also, Walker v. The Procter Gamble Co. (Oct. 2, 1996), Hamilton App. No. C-950188, unreported. The first, second, and third assignments of error are overruled. Civ.R. 56(C);Dresher v. Burt.
Chen next asserts the trial court erred in entering judgment for McAlpin on her state and federal overtime claims, and in denying her request for attorney fees. Because McAlpin made a pretrial offer and Chen accepted payment for her previously unpaid overtime hours, summary judgment was appropriate on these claims. See Doneworth v. Blue Chip 2000 Commercial Cleaning, Inc. (July 10, 1998), Hamilton App. No. C-970379, unreported. Moreover, as Chen did not receive a judgment in her favor on these claims, she was not entitled to the attorney fees available "in addition to any judgment awarded to the plaintiff." Section 216(b), Title 29, U.S. Code. The fifth assignment of error is overruled.
Chen's sixth and final assignment of error, in which she contends that the trial court erred in refusing to permit her to file a second amended complaint adding a cause of action for wrongful termination in violation of public policy for engaging in minimally sufficient self-defense, is overruled, as the trial court did not abuse its discretion in denying the request to again amend the complaint less than two weeks prior to trial. See Civ.R. 15(A); see, also, Wilmington Steel Prod. Inc. v. ClevelandElec. Illuminating Co. (1991), 60 Ohio St.3d 120, 573 N.E.2d 622.
Therefore, the judgments of the trial court are affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.