[Cite as *Turley v. Univ. of Cincinnati Med. Ctr.*, 2016-Ohio-7457.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SHAWNTELLE TURLEY, | : | APPEAL NO. C-150717 |
| | | TRIAL NO. A-1403243 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| UNIVERSITY OF CINCINNATI MEDICAL CENTER, LLC., | : | |
| | : | |
| and | | |
| | : | |
| UC HEALTH, | | |
| | : | |
| Defendants-Appellees, | : | |
| and | | |
| | : | |
| RYAN RAWLS, | | |
| | : | |
| RAPHAEL BRADLEY, | | |
| | : | |
| and | | |
| | : | |
| JOHN DOES 1-10, | | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 26, 2016

*Michael K. Allen & Associates* and *Michael K. Allen*, *The Law Firm of Curt C. Hartman* and *Curt C. Hartman*, and *Finney Law Firm, LLC*, and *Christopher P. Finney* for Plaintiff-Appellant,

*Frost Brown Todd, LLC*, and *Douglas R. Dennis*, for Defendants-Appellees.

**STAUTBERG, Judge.**

{¶1}   This is an appeal from the trial court's granting of summary judgment in favor of the University of Cincinnati Medical Center ("UCMC") and UC Health. We affirm the trial court's judgment.

{¶2}   Plaintiff-appellant Shawntelle Turley was an inpatient at UCMC, a hospital that is part of UC Health.   While she was there, Turley told defendant Raphael Bradley, the father of Turley's then unborn child, that she had been admitted to the hospital, but she refused to tell him the reason for her stay. According to Turley, Bradley threatened to have defendant Ryan Rawls, the mother of another of Bradley's children and a hospital employee, find out why Turley had been admitted.

{¶3}   Less than two weeks after Turley was released from the hospital, Bradley called Turley and allegedly read to her the contents of her UCMC hospital file.   The file included a diagnosis that Turley had wished to keep private.   The following day, a screen shot of Turley's medical file was allegedly posted on a local Facebook group, and the same screen shot was allegedly emailed to members of that Facebook group.   Turley claimed that, as a result of the disclosure of her medical information, she was publicly ridiculed, became severely depressed, and suffered both mental and physical harm.

{¶4}   Among other claims not relevant to this appeal, Turley subsequently sued Rawls for unauthorized disclosure of nonpublic medical records, invasion of privacy, negligent infliction of emotional distress, and intentional infliction of emotional distress, and she claimed that Rawls had acted with malice.   Turley claimed that UCMC and UC Health were liable for her injuries under a theory of respondent superior.

{¶5}   UCMC and UC Health moved the trial court for summary judgment on all claims against them. UCMC and UC Health argued that they were entitled to judgment because there was no genuine issue of fact concerning whether Rawls's

2

actions were within the scope of her employment. In support of their motion, UCMC and UC Health filed the affidavit of Craig Cain with two accompanying documents, a "UC Health Workforce information Systems Security Control Policy," and a copy of the "Confidentiality and Data Security Agreement" signed by Rawls. Cain identified himself as "UC Health Vice President, Revenue Cycle." Cain stated that following an investigation, "it was determined that an individual employed in the financial services accessed Ms. Turley's record." According to Cain, based on an interview with Rawls, it was determined that Rawls "intentionally accessed protected health information for reasons unrelated to the hospital's treatment of Ms. Turley." Cain stated that the disclosure of Turley's records to a third party served no purpose for the hospital, and was outside the scope of Turley's employment with the hospital. Cain further stated that Rawls had signed the hospital's "Confidentiality and Data Security Agreement," and he attached to his affidavit a copy of the signed agreement.

{¶6} Turley responded to UCMC and UC Health's motion for summary judgment with her own affidavit that essentially set forth the allegations in her complaint that Bradley had threatened to ask Rawls to access Turley's records, and that a few weeks later, Bradley had read the information in Turley's medical records to her over the phone. Turley also stated that a screen shot of her medical file was posted online and emailed to people.

{¶7} Following oral argument, the trial court granted summary judgment in favor of UCMC and UC Health as to all claims. This appeal followed.

{¶8} In her sole assignment of error, Turley contends that the trial court erred when it entered summary judgment in favor of UCMC and UC Health. We review the granting of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence, when viewed in favor of the

nonmoving party, permits only one reasonable conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Grafton*; *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

{¶9} The moving party must specifically identify those portions of the record that demonstrate an absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If the movant satisfies this burden, the nonmoving party has a reciprocal burden to identify specific facts that show a genuine issue of material fact for trial. *Id.*

Cain's Affidavit

{¶10} Turley first contends that the trial court erred in relying on Cain's affidavit when ruling on UCMC and UC Health's motion for summary judgment because the affidavit did not comply with Civ.R. 56(E). Turley failed to object to Cain's affidavit in the trial court on this basis. Under these circumstances, even if the affidavit failed to comply with Civ.R. 56(E), the trial court had the discretion to consider it when ruling on UCMC and UC Health's motion for summary judgment. *See State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 122 Ohio St.3d 260, 2009-Ohio-2871, 910 N.E.2d 455, ¶ 17, citing *State ex rel. Spencer v. East Liverpool Planning Comm.*, 80 Ohio St.3d 297, 301, 685 N.E.2d 1251 (1997); *Loukinas v. Roto-Rooter*, 167 Ohio App.3d 559, 2006-Ohio-3172, 855 N.E.2d 1272 (1st Dist.), ¶ 22. And because Turley failed to object to Cain's affidavit below, the issue has been forfeited on appeal absent a claim of plain error. *See Risner v. Ohio Dept. of Natural Resources*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 26-27; *see also Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997) (notice of plain error in civil cases is limited to the extremely rare case involving exceptional circumstances when the error, left unobjected to in the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself).` Turley has not made a claim of plain error.

Respondeat Superior

**{¶11}** Turley next contends that, even considering Cain's affidavit, there remains a genuine issue of material fact concerning whether Rawls was acting within the scope of her employment when she accessed, distributed, or published Turley's medical records.

**{¶12}** For an employer to be liable under the doctrine of respondeat superior, "the tort of the employee must be committed within the scope of employment." *Byrd v. Faber*, 57 Ohio St.3d 56, 58, 565 N.E.2d 584 (1991); *see Gebhart v. College of Mt. St. Joseph*, 106 Ohio App.3d 1, 3, 665 N.E.2d 223 (1st Dist.1995). Here, Cain's affidavit provided that "[b]ased upon our interview with the employee, we determined that the employee intentionally accessed protected health information for reasons unrelated to the hospital's treatment of Ms. Turley." Cain further stated that "[t]he accession or disclosure of Ms. Turley's medical records was not within the scope of her [Rawls's] employment." And that "[a]ccessing Ms. Turley's records was not the kind of work she [Rawls] was employed to perform."

**{¶13}** This met UCMC and UC Health's burden under Civ.R. 56(C) of demonstrating an absence of a genuine issue of material fact concerning whether Rawls's actions fell within the scope of her employment with UCMC and UC Health. *See Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264. And upon a review of the record, we find that Turley failed to meet her reciprocal burden of identifying specific facts that showed that a genuine issue of material fact remained for trial. *See id.*

**{¶14}** Turley argues that a document attached to Cain's affidavit, the "Confidentiality and Data Security Agreement" signed by Rawls, creates an issue of fact concerning Rawls's scope of employment. But this document, while stating that Rawls would have access to confidential information, did not address whether Rawls had acted within the scope of her employment while accessing Turley's information,

in particular. We therefore hold that the trial court correctly entered summary judgment in favor of UCMC and UC Health.

{¶15}   Turley's sole assignment of error is overruled.

Judgment affirmed.

**CUNNINGHAM, P.J.**, and **MOCK, J.**, concur.

Please note:

This court has recorded its own entry this date.