**[Cite as *Stachowiak v. Starbucks Corp.*, 2024-Ohio-3345.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Heather Stachowiak, et al.                      Court of Appeals No.    L-23-1278
                                                                        L-23-1294
      Appellants
                                                Trial Court No.  CI0202201769

v.

Starbucks Corp., et al.                         **DECISION AND JUDGMENT**

      Appellee                         Decided:  August 30, 2024

* * * * *

Mark A. Skeldon, for appellants.

Taylor C. Knight and Jorden R. Messmer, for appellee.

* * * * *

**SULEK, P.J.**

{¶ 1} In this consolidated appeal, appellants, Heather and Scott Stachowiak and Kelly and Chad Cody, appeal the October 31, 2023, judgment of the Lucas County Court of Common Pleas granting summary judgment to appellee, Starbucks Corporation. Because Starbucks owed no duty of care to appellants, the judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On October 27, 2018, Jaylah Cleveland arrived at the Starbucks store in Sylvania, Ohio, for her 8:00 a.m. shift. Cleveland was employed at the nearby Maumee, Ohio, store but accepted her first work request from the Sylvania location. Prior to her shift, Cleveland texted store manager, Brian Hayden, about obtaining a work apron. Hayden stated that the text exchange was unremarkable and caused no concern.

{¶ 3} While entering the store, Cleveland slipped and let out a yell. She then unsuccessfully tried to clock in at the front of the store. Hayden was in the back of the store when he heard the yell. He walked to the front, noticed Cleveland crying, and asked her to come to the back of the store so they could speak privately. Hayden acknowledged that Cleveland appeared to have difficulty comprehending the request but noted no initial concern. Once alone, Cleveland informed Hayden that she had smoked marijuana before she arrived at the store. Hayden then told Cleveland that because she had smoked marijuana, she would not be able to clock in to work; he asked her to leave the store. Cleveland immediately left the store not stopping to return the apron that Hayden had given her for work that day. She then got in her car and drove into the front of the Starbucks store, striking and injuring Heather Stachowiak. Kelly Cody sustained injuries while jumping clear of the car.

2.

**{¶ 4}** On March 16, 2022, Stachowiak, Cody, and their respective spouses commenced this action against Starbucks[1] in the Lucas County Court of Common Pleas. Appellants alleged negligent training and supervision, negligent operations, and loss of consortium. Appellants claimed that Starbucks breached its duty to patrons by failing to have policies in place to ensure their safety from intoxicated employees.

**{¶ 5}** Starbucks filed a motion for summary judgment, claiming that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. In its motion, Starbucks claimed that it had no legal duty to protect appellants from the actions of an intoxicated employee who was not acting in the course and scope of her employment and was not under Starbucks' control. Starbucks also claimed Cleveland's actions were not foreseeable given no evidence of a known criminal propensity. Starbucks contended that appellants could not prove negligence because there was no legal duty for them to act.

**{¶ 6}** In appellants' opposition to summary judgment, they asserted that Hayden knew that Cleveland was under the influence of marijuana and that she posed a danger to the public. Appellants further claimed that Starbucks had a duty to protect members of the public from Cleveland because she was under Hayden's control when he ordered her to leave the store. Appellants attached the full accident report from the Sylvania Township Police Department.

---

[1] Cleveland was also named as a defendant but was ultimately dismissed from the action due to failure of service

3.

{¶ 7} Starbucks filed its reply in support of summary judgment which reiterated its prior arguments and claimed that the accident report attached to appellants' response should be stricken because it was unauthenticated and contained inadmissible hearsay.

{¶ 8} Appellants subsequently filed a motion for leave to substitute an authenticated accident report. They also filed an amended memorandum in opposition containing the authenticated police report. Appellants claimed that the motion did not prejudice Starbucks because it had the opportunity to object to the report and appellants were not using the report for any purpose beyond what it stated in the brief. Starbucks opposed appellants' motion and requested that the court strike appellants' amended brief in opposition.

{¶ 9} The trial court granted Starbucks' motion for summary judgment, denied appellants' motion for leave to substitute the authenticated accident report, and granted Starbucks' motion to strike appellants' instanter response.

{¶ 10} As to Starbucks' summary judgment motion, the trial court found no evidence to support appellants' claims of negligent hiring, training, and supervision. Relying on *Malone v. Miami Univ.*, 89 Ohio App.3d 527 (10th Dist. 1993), the trial court determined Starbucks owed appellants no legal duty because Cleveland was not on company time when she became intoxicated and Hayden could not make Cleveland stay on the property until she was sober. The court additionally concluded that appellants failed to establish the elements of negligent hiring, training, and supervision.

4.

{¶ 11} Denying appellants' application for leave and granting Starbucks' motion to strike, the trial court further found that even if the authenticated report had been filed it would act only to further undermine appellants' position because it contained the following hearsay:1) no employee saw Cleveland's car before she left the store, or even knew she had driven herself to work; 2) Cleveland was asked, as she left the store, if it was her car that was parked improperly; Cleveland seemed to laugh and not respond; 3) the text message exchange is not indicative of anything unusual; 4) Cleveland posed no threat to Hayden or anyone else before she got in the car; and 5) Cleveland left before Hayden was finished talking to her.

{¶ 12} This appeal followed.

## II. Assignments of Error

{¶ 13} Appellants raise the following assignments of error on appeal:

1. The Trial Court committed prejudicial error where it failed to apply Ohio Law which states that, "When a person takes affirmative action, the law generally imposes a duty to act reasonably, and that duty extends to all persons who the actor knew or should have known were likely to be harmed by his or her conduct." *Huston v. Konieczny* (1990) 52 Ohio St.3d 214, 217, 556 N.E.2d 505.

2. The Trial Court committed prejudicial error on a material issue when it resolved a disputed factual issue in favor of the moving party. The trial court found as a matter of fact that, "Before he (Hayden) could finish

talking to her (Cleveland), she abruptly left." Hayden gave Cleveland an order that she leave Starbucks property and she followed his order. The Trial Court was not permitted, under the evidence in the record, to conclude that Hayden wasn't finished talking to Cleveland or that she left abruptly.

### III. Analysis

{¶ 14} Appellants' assignments of error are related and will be jointly addressed. Appellants claim that Starbucks breached its duty of reasonable care to protect them from Cleveland's criminal acts by not preventing her from leaving the store. They further contend that the trial court improperly resolved a material issue of fact in Starbucks' favor: whether Cleveland left the Starbucks store before Hayden was finished talking to her or if she left at the conclusion of their conversation. Appellants claim that the trial court erroneously found that Cleveland left the store before her conversation with Hayden concluded.

{¶ 15} Starbucks contends that it had no duty to protect third parties from Cleveland's actions while intoxicated because Cleveland was not working at the time of the accident and was told that she could not work that day. Starbucks further contends that appellants failed to provide competent evidence disputing Hayden's testimony that the conversation between him and Cleveland had not ended when she abruptly left the store.

{¶ 16} An appellate court reviews the grant of summary judgment under a de novo standard of review. *Koler v. Grand Harbour Condo. Owners Assn.,* 2014-Ohio-1299, ¶ 5

6.

(6th Dist.), citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment should be upheld when there is no issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to one conclusion that is adverse to the party whom the motion for summary judgment is made. *Id.* quoting *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 17} To establish negligence, a plaintiff must show a duty, a breach of that duty, and damage that resulted from that breach. *Mussivand v David*, 45 Ohio St.3d 314, 318 (1989). "'While negligence actions always involve mixed questions of law and fact, the existence of a duty is, in the first instance a question of law for the court.'" *Estate of Ciotto v. Hinkle*, 2019-Ohio-3809, ¶ 13 (6th Dist.), quoting *Clemets v. Heston*, 20 Ohio App.3d 132, 134-135 (6th Dist.1985).

{¶ 18} Arguing that Starbucks breached its duty of care, appellants rely on *Fletcher Trucking v. Columbus Fair Auto Auction, Inc.*, 1995 WL 360323 (10th Dist. June 13, 1995), which recognized a duty of care to third parties where an employer, through its supervisor, suspended an employee that was intoxicated during his shift and ordered him to wait in a car in the auto sales' lot until they could find him a ride home. *Id.* at *1. The employer was aware that the employee had lost his driver's license. *Id.* The employee, after unsuccessfully attempting to start the vehicle, moved to another vehicle on the lot that had the keys in the ignition (as most did in the auto lot). He started the car and left the lot. He was then involved in a collision that resulted in his death and injuries to another driver.

7.

**{¶ 19}** The court of appeals concluded that issues of fact remained as to whether the employer was negligent because it exercised control over the employee by suspending him in the middle of his shift and giving him access to a lot full of vehicles when it could reasonably be determined that they knew he had a prior drunk driving conviction. *Id.* at *5. The court specifically noted: "We express no opinion, however, as to whether an employer has a duty to prevent an employee from leaving in his own car when he is suspended during the middle of a shift." *Id.*

**{¶ 20}** The Tenth Appellate District later cautioned that *Fletcher* "'addresses a particular, narrow issue,'" and its holding "should be confined to the facts of [that] particular case and should not be found to extend beyond it.'" *Lytal v. Crawl for Cancer, Inc.*, 2018-Ohio-2017, ¶ 15 (10th Dist.), quoting Fletcher at 31. (Bowman, J., concurring.).

**{¶ 21}** Distinguished in *Fletcher*, the court in *Malone v. Miami Univ.,* 89 Ohio App.3d 527 (10th Dist. 1993), held that the employer had no duty to protect a third party from being injured by an intoxicated, off-duty employee even if the employer knew that the employee was intoxicated. In *Malone* the employee became intoxicated at work and caused a car accident after leaving work. *Id.* at 528-529. The court held that the employer had no obligation to prevent the employee from leaving the workplace even if the employer knew the employee was intoxicated. The court noted:

> "[W]e do not think that employers have a duty to protect an employee who has become intoxicated, without encouragement or

8.

assistance from his employer, against the likelihood that he will have an automobile collision on the way home from work. In the absence of legislation providing for such a duty, the only basis for distinguishing the employer-employee duty from the social host-general public duty would imply a degree of paternalism in the employment relationship that we do not find to be present in Ohio."

*Id.* at 530, quoting *Howard v. Delco Div. of Gen. Motors Corp.*, 41 Ohio App.3d 145, 148 (2d Dist. 1987).

{¶ 22} In *Curtis v. Gulley*, 2006-Ohio-6081(12th Dist.), the court found that the employer was not responsible for an accident that was caused by an intoxicated employee. Soon after arriving for his 11:00 p.m. shift, the employee asked if he could leave because he was ill. *Id.* at ¶ 4. At the time the employee left, no one was aware that he was impaired, though another employee smelled alcohol on his person. *Id*. at ¶ 6. The employee caused an auto accident shortly after leaving. *Id*. at ¶ 2. The court concluded that the employer did not assert any control over the employee, including suspending him mid-shift, because the employer let the employee leave only after his request to do so. *Id.* at ¶ 23.

{¶ 23} On review, the court finds that the facts in this matter align more closely with those in *Malone* and *Curtis*, than *Fletcher*. Unlike the *Fletcher* employee, Cleveland was not suspended mid-shift and was not ordered to remain on the premises. Like the employer in *Curtis*, however, Starbucks had not encouraged Cleveland to smoke

9.

marijuana because she had smoked it prior to her arrival. Also, like *Curtis* and *Malone*, Starbucks did not assert any control over Cleveland because she never started her shift. Therefore, because Starbucks had not exercised the requisite control over Cleveland, it owed no duty to the public at large to act reasonably to prevent Cleveland from causing injury.

{¶ 24} Further, the trial court's statement that Cleveland abruptly left before her conversation with Hayden ended was not erroneous. The admissible Civ.R. 56 evidence regarding the interaction between Hayden and Cleveland includes their deposition testimony and Hayden's affidavit. Hayden testified that he was not finished talking with Cleveland when she left the store. Appellants do not provide any contradictory evidence or testimony. In the court below, appellants claimed that the unauthenticated police report created a factual dispute. However, the unauthenticated police report was inadmissible hearsay. *E.W. v. T.P.*, 2012-Ohio-5805, ¶ 13(6th Dist.).[2]

{¶ 25} Regardless, the question of Starbucks' duty does not turn on whether Cleveland left abruptly or whether Hayden finished speaking with her. Hayden did not claim that he intended to take any additional action. Further, as set forth above, Starbucks did not owe a duty to the public regarding Cleveland's actions, including leaving in her own vehicle, under these circumstances.

---

[2]The propriety of the trial court's denial of appellants' motion to supplement the record is not before the court on appeal.

10.

**{¶ 26}** Upon due consideration, no genuine issues of material fact remain, and therefore the trial court did not err when it granted Starbucks' summary judgment motion. Appellants' first and second assignments of error are not well-taken.

### IV. Conclusion

**{¶ 27}** Based on the foregoing, the October 31, 2023 judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

11.